UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| ASHLEY N. HINTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 1:21-cv-00405-HAB-SLC |
| | ) | |
| LEAR CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Before the Court is a motion to amend (ECF 16) filed by Plaintiff on February 25, 2022, seeking to add several factual allegations to "identify the temp. agency who placed [Plaintiff] at [Defendant] Lear Corporation and to demonstrate why Lear Corporation is named as a proper employer Defendant in this cause." (*Id.* ¶ 1). Defendant filed a response in opposition to the motion on March 1, 2022 (ECF 17), and Plaintiff filed a reply brief on March 7, 2022 (ECF 18); therefore, the motion is ripe for ruling. The deadline for Plaintiff to seek leave of Court to amend her complaint was February 25, 2022 (ECF 13 at 2), and thus, the motion was timely filed. For the following reasons, Defendant's arguments are wholly unpersuasive, and the motion to amend will be GRANTED.

Under Federal Rule of Civil Procedure 15(a)(2), a party must seek the Court's leave or the written consent of the opposing party when the moving party can no longer amend the pleadings as a matter of right. The Court "should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), and "the decision as to whether to grant a motion to amend a complaint is entrusted to the sound discretion of the trial court," *Cohen v. Ill. Inst. of Tech.*, 581 F.2d 658, 661 (7th Cir. 1978) (collecting cases). Having said that, leave to amend is "inappropriate where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure

deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *Perrian v. O'Grady*, 958 F.2d 192, 194 (7th Cir. 1992) (citing *Villa v. City of Chi.*, 924 F.2d 629, 632 (7th Cir. 1991)).

Defendant first claims that the motion to amend should be denied because Defendant has already filed an answer to Plaintiff's complaint, and the first amended complaint "does not assert new or additional claims against [Defendant'] or any other party, such as the temporary staffing agencies who employed her." (ECF 17 ¶ 3). Unsurprisingly, Defendant fails to cite any law in support of its unfounded assertion that an amended complaint must assert new claims. Additionally, Defendant contends that the motion is flawed because it does not contain "new information obtained during discovery in this matter," asserting that Plaintiff knew the identities of the temporary staffing agencies who employed her and assigned her to Defendant when she filed her original complaint. (*Id.* ¶ 4). Again, Defendant's argument is misplaced. This is not an instance in which Plaintiff must show "good cause" for a belated amendment under Federal Rule of Civil Procedure 16(b)(4). Plaintiff's motion was filed before the applicable deadline passed. (*See* ECF 13 at 2).

Next, Defendant asserts the motion should be precluded because it "still does not demonstrate why [Defendant] is a 'proper employer Defendant.'" (ECF 17 ¶ 5). But Defendant's argument, which ostensibly contends the amendment would be futile, prematurely challenges the merits of the action. "[F]utility, in the context of Rule 15, refers to the inability to state a claim, not the inability of the plaintiff to prevail on the merits." *Reardon v. Short-Elliott Hendrickson, Inc.*, No. 2:17-CV-154-JVB-PRC, 2018 WL 1603381, at *2 (citation omitted)). To state a claim, a plaintiff "need not plead particularized facts, but the factual allegations in the complaint must be enough to raise a right to relief above the speculative level." *DeGeer v.*

*Gillis*, 707 F. Supp. 2d 784, 789 (N.D. Ill. Apr. 21, 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Here, Defendant does not argue, must less establish, that Plaintiff's complaint fails to state a claim against Defendant above a speculative level.

Finally, Defendant argues that "Plaintiff's attempt to incorporate her charge of discrimination by reference is improper," citing *Wyss v. PetSmart, Inc.*, No. 1:15-CV-355-TLS, 2018 WL 6173760, at *8-9 (N.D. Ind. Nov. 26, 2018).  (ECF 17 ¶ 6).  But *Wyss* involved a motion for summary judgment where the plaintiff contended that a reference to the Charge of Discrimination in his complaint was sufficient to notify the defendant of a retaliation claim that the plaintiff failed to otherwise raise in his complaint.  2018 WL 6173760, at *8 ("[S]imply referencing the Charge does not set forth a claim that is not pled in the Complaint.").  Here, the case is before the Court on a timely motion to amend, and as such, *Wyss* does not provide relevant guidance.  In any event, Plaintiff attempted to incorporate the Charge of Discrimination by reference in his original complaint as well (ECF 5 ¶ 3), so denying the motion to amend on this basis would be immaterial.

As already explained, the Court "should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Plaintiff has not raised any meritorious argument to preclude the requested amendment under Rule 15(a)(2), and thus, the motion to amend (ECF 16) is GRANTED.  Plaintiff is AFFORDED to and including March 28, 2022, to file the amended complaint (ECF 16-1) and its exhibits (ECF 16-2, 16-3).

SO ORDERED.

Entered this 21st day of March 2022.

/s/ Susan Collins  
Susan Collins  
United States Magistrate Judge