UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| ASHLEY N. HINTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:21-CV-405-HAB |
| | ) | |
| LEAR CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Plaintiff filed an amended complaint in March alleging violations of Title VII and 42 U.S.C. § 1981 against her "co-employer," Defendant. That prompted Defendant to move to dismiss this case and to compel arbitration. (ECF No. 21). Plaintiff responded by agreeing that she must "pursue her claims against Defendant Lear Corporation through arbitration." (ECF No. 25 at 1). The only issue remaining is whether the Court should dismiss or stay the case pending arbitration.

The Federal Arbitration Act instructs a court to stay trial of an action "until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3. For this reason, the Seventh Circuit also generally counsels to "stay the proceedings rather than to dismiss outright." *Halim v. Great Gatsby's Auction Gallery, Inc.*, 516 F.3d 557, 561 (7th Cir. 2008) (citations omitted). When all claims raised in a lawsuit are subject to arbitration, however, courts have recognized an exception to this general rule. *See Employers Ins. of Wausau v. Cont'l Cas. Co.*, No. 15-CV-226-WMC, 2016 WL 632642, at *3 (W.D. Wis. Feb. 17, 2016) (collecting cases). "In that event, a dismissal is appropriate because there is nothing 'for the court to decide unless and until a party seeks confirmation of or challenges the arbitrators' award.'" *Id*. (quoting *Bryant v. Fulgham*, No. 12-C-823, 2012 WL 1802150, *7 (N.D. Ill. May 17, 2012)).

This case is within the exception. Plaintiff askes the Court to stay the proceedings but points to no claims in her amended complaint that are not subject to arbitration. Nor can the Court identify any such claims. Dismissal, then, is the appropriate remedy.

For these reasons, this matter is DISMISSED WITHOUT PREJUDICE.

SO ORDERED on May 23, 2022.

                                           s/ Holly A. Brady
                                           JUDGE HOLLY A. BRADY
                                           UNITED STATES DISTRICT COURT